UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER SINFIELD,<br><br>Defendant. | CASE NO. CR19-0250JLR |
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER SINFIELD,<br><br>Defendant. | CASE NO. CR20-0221JLR<br><br>ORDER ON DEFENDANT'S MOTION TO REOPEN DETENTION HEARING |

This matter comes before the court upon Defendant's Motion to Reopen Detention Hearing. (CR20-0221JLR, Dkt. # 18 and CR19-0250JLR, Dkt. # 15.) For the reasons stated below, the Motion is DENIED.

ORDER - 1

Defendant was previously convicted in the District of Arizona of Conspiracy to Transport Illegal Aliens for Profit on July 25, 2019. His sentence included 36 months of supervision. At his request, supervision was transferred to the Western District of Washington.

On October 1, 2020, Defendant began conversing with an undercover FBI agent who was posing as a 13-year-old girl. Events unfolded, resulting in Defendant being arrested and charged in King County Superior Court with Attempted Rape of a Child, Commercial Sexual Abuse of a Minor, and Communication with a Minor for Immoral Purposes.

On December 16, 2020, the Federal Grand Jury indicted Defendant on Attempted Enticement of a Minor and Possession of Child Pornography. (Dkt. #1.) Defendant was ordered detained and remanded into custody. (Dkt. # 13.)

Once a defendant has been detained, that defendant may reopen his detention hearing "at any time before trial" only "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f).

Defendant now moves the court to reopen his detention hearing pursuant to 18 U.S.C. § 3142(f) and issue an order releasing Defendant from custody. (Dkt. # 18.) The Defendant offers four reasons in support of his motion. First, the Defendant is "intellectually disabled." Second, the court should distrust Defendant's post-arrest

statements.  Third, the Government's evidence is weak.  And lastly, the Defendant has proposed a Release Plan.

The Bail Reform Act, 18 U.S.C. §§3142, *et seq.*, provides for release unless no condition, or combination of conditions, will reasonably assure the appearance of the person as required and the safety of the community.  *See* 18 U.S.C. § 3142(c)(2).

Defendant is subject to two proceedings: 1) the current indictment (CR20-0221JLR) and 2) the revocation proceeding (CR19-0250).  In the revocation proceeding, Defendant acknowledges he faces a rebuttable presumption of detention and bears the burden of showing by clear and convincing evidence that he won't flee or pose a danger.  (Dkt. # 15 at 18.)    The Bail Reform Act provides four factors for the court to consider.  The court has reviewed the pleadings from the original detention request and is independently satisfied that detention was appropriate.  Reviewing the four new reasons submitted by Defendant the court is unable to find a basis to now order release from custody.  First, the court is aware that Defendant is "intellectually challenged."  The second and third reasons go to the strength of the Government's case, which usually is not a decisive factor in the pretrial release test.  Finally, the court is skeptical of Defendant's Release Plan which involves his mother, who was his guardian during the period of Defendant's behavior at issue here, providing his supervision.

For every argument put forward by the Defendant, there is an answer in the record before the court.  The court is unable to find any condition, or combination of conditions,

1 | which will reasonably assure Defendant's appearance and protect the community.  For
2 | this reason, the Motion is DENIED.[1]
3 | Dated this 20th day of May, 2021.

*[signature]*

The Honorable James L. Robart
U.S District Court Judge

---

[1] Defendant requests a Detention Hearing so the Defendant can present additional unspecified evidence.  The court declines to accept counsel's representation of additional evidence <u>after</u> it grants a hearing.  The court finds oral argument would not be helpful. *See* Local Rules W.D. Wash. LCR 7(b)(4).